Filed 5/23/16  P. v Triplett CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B262985 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA431094) |
| v. | |
| BRITNEY TRIPLETT, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Curtis A. Kin, Judge.  Affirmed.

Jeffrey J. Douglas, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Shawn McGahey Webb and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury convicted defendant Britney Triplett of one count of furnishing or giving away powder cocaine in violation of Health and Safety Code[1] section 11352, subdivision (a) (count 1) and one count of possessing cocaine for sale in violation of section 11351.5 (count 2). The trial court sentenced defendant to four years of formal probation conditioned upon her serving 365 days in county jail for count 1. The trial court sentenced defendant to the same sentence on count 2 but stayed it pursuant to Penal Code section 654. The trial court awarded a total of 53 days of presentence credit.

With regard to count 1, defendant argues on appeal that: (1) the trial court erroneously instructed the jury on the issue of whether defendant was a "joint purchaser" instead of instructing on whether she was a "joint possessor" of the powder cocaine; (2) the improper instruction erroneously shifted the burden of proof to the defense; and (3) defense counsel provided ineffective assistance of counsel by requesting an improper instruction and then consenting to a misleading instruction. We affirm.

**Prosecution Evidence**

On October 30, 2014, Los Angeles Police Department Officer Francisco Martinez was assigned to the Safer City Initiative Task Force in the "skid row" area of downtown Los Angeles. There is a lot of drug and alcohol use in the skid row area. The police department has a video surveillance system in and around the skid row areas. The video system allows officers to monitor locations on skid row. Officers can control the cameras' angles and views, including zooming in and out, to watch narcotics sales from the police station, which is about two blocks away from skid row.

At around 2:00 a.m., on October 30, 2014, Officer Martinez was monitoring the south side of 6th Street between San Julian and San Pedro Streets from the police station. There are usually a lot of transient and homeless people, as well as drug users or dealers, in that area. Officer Martinez observed defendant pull out something from the right side of her waistband. Defendant moved the object to her nose and sniffed it. Defendant then

---

[1] All further statutory references are to the Health and Safety Code unless otherwise stated.

handed the object to another female, who sniffed the item and handed it back to defendant. Defendant placed the item back in her right waistband.

Officer Martinez formed the opinion that defendant was in possession of and had snorted cocaine. After observing defendant, Officer Martinez and his partner left the police station and went to where defendant was located to arrest her. The officers arrived at the location in about two to three minutes. When they arrived, defendant was at the location; but the other woman was no longer there. The officers detained defendant and took her back to the police station, where she was searched by a female officer. The officer, who searched defendant, seized $17 and three baggies from defendant. One baggie contained .50 grams of powder cocaine. The second baggie contained .11 grams of rock cocaine. The third baggie contained 2.06 grams of rock cocaine.

In Officer Martinez's opinion, the rock cocaine in defendant's possession was for the purpose of sales. His opinion was based on: (1) the size and cut of the individual pieces; (2) the amount of money; (3) the area of the arrest, which is "a high narcotics location"; (4) the absence of burns on defendant's fingers; and (5) the absence of drug paraphernalia such as a glass pipe. Drug dealers usually buy a $20 rock and break it down and then sell $1 and $5 "hits." The rock cocaine had a street value of about $65 to $75, which is a large amount for the skid row area.

On October 1, 2014, approximately a month prior to the arrest at issue in this case, at about 8:15 p.m., Officer Jesus Toris observed defendant in the same area of skid row. He observed a man hand defendant some money. Defendant then gave the man an item that she retrieved from her crotch area. Officer Toris detained defendant, who was found in possession of $13 and 1.28 grams rock cocaine.

**Jury instructions on count 1**

Prior to trial, defense counsel requested a special instruction on count 1 concerning whether defendant was guilty of furnishing or giving away cocaine. Defense counsel proposed that the jury be instructed: "Defendant is not guilty of furnishing powder cocaine if she gave powder cocaine to someone who purchased it with her." The proposed instruction was based on the conclusion in *People v. Edwards* (1985) 39 Cal.3d

3

107 (*Edwards*), that "copurchasers are not guilty of furnishing to one another." (*Id*. at p. 117.)

At a hearing during the trial, the prosecutor argued that defense counsel's suggested instruction was not warranted because there was no evidence that defendant and the unidentified woman were co-purchasers. However, the prosecutor indicated that, in the event the trial court intended to give defense counsel's instruction, defense counsel's proposed special jury instruction be modified to state: "Defendant is not guilty of furnishing power [*sic*] cocaine if she gave the powder cocaine to someone who co-purchased it with her. [¶] Co-purchasers are truly equal partners in the purchase and the purchase is made strictly for each individual's personal use. [¶] Where one of the co-purchasers takes a more active role in instigating, financing, arranging or carrying-out the drug transaction, the partnership is not an equal one and the more active partner may be guilty of furnishing to the less active one." The prosecutor suggested the proposed modification could be used depending upon whether or not defendant testified and what her testimony would be.

The trial court indicated that, if there was substantial evidence for the jury to reasonably conclude that defendant and the unidentified woman were equal partners in a purchase, then some sort of instruction would be warranted as suggested by both parties.

Defense counsel asserted that the inherent meaning of the word "furnish" was that, if two people own something together, then when one person gives it to the other person, that person is not furnishing the item to other person. Defense counsel argued that Officer Martinez's observations raised an inference that defendant and the unidentified woman were co-owners of the narcotics rather than that defendant was the owner and gratuitously shared with the other person. The trial court noted that language in *Edwards* concerned co-purchasers but that the principle could be extended to co-owners, which was probably the better description of defense counsel's theory.

At a subsequent hearing, in response to the trial court's tentative ruling that without additional evidence, no special instruction would be given, defense counsel requested the opportunity to argue co-ownership of the powder cocaine. Defense counsel

wanted to argue that defendant and the unidentified woman had a "an equal share ownership in the baggy." The trial court and the prosecutor then discussed whether defense counsel's proposed argument along that line would be encroaching on the court's province to instruct the jury on the law.

Defense counsel indicated that the argument to the jury would be that the everyday meaning of "furnish" or "giving away" is sole possession and that the other person has no interest in the item. The prosecutor responded that the jury would then have to be educated on what the actual law is on co-ownership. The trial court noted that, in the absence of a jury instruction defining furnishing or giving away, the jury could use the everyday, common sense meaning for the words. The court then indicated it was willing to give such an instruction.

After a pause in the proceedings, the trial court proposed a modification of the prosecutor's proposed instruction to reflect a distinction between a "sales theory" and a theory of "joint ownership and its relation to furnishing and giving away." The court suggested that the jury be instructed: "Defendant is not guilty of furnishing or giving away powder cocaine if they [*sic*] gave or furnished the powder cocaine to someone who jointly owned it with her."

The trial court stated, "That last phrased jointly owned it with her would seem to get away from the co-purchasing prong liability, which isn't really impacted by the facts of this case . . . ." The court further stated that "the notion that the co-purchaser is just sort of inapposite . . . ."

The prosecutor responded that *Edwards* was "very specific to co-purchasers." Therefore, if defense counsel was going to argue that defendant had co-purchased the cocaine "with a random person on the street" the term "co-purchaser" should remain in conjunction with an explanation of that term.

The court then noted that the *Edwards* defendant had purchased heroin for the benefit of himself and his girlfriend for their joint use, which was not furnishing within the meaning of the statute. The trial court indicated that, under those circumstances, defense counsel's theory of "joint ownership at least may be the crux of the issue here

5

with regard to liability or nonliability with respect to furnishing and giving away." The trial court indicated that it agreed with defense counsel's assertion that "joint ownership" was the issue. Although the trial court agreed with defense counsel, defense counsel indicated that he did not object to the prosecutor's proposed instruction which referenced co-purchasers.[2]

The jury was ultimately instructed that: "Defendant is not guilty of furnishing or giving away powder cocaine to someone who co-purchased with her. Co-purchasers are truly equal partners in the purchase and the purchase is made strictly for each individual's personal use. Where one of the co-purchasers takes a more active role in the instigation, financing, arranging or carrying out the drug transaction, the partnership is not an equal one and the more active partner may be guilty of furnishing or giving away to the less active one." The jury was also instructed with CALCRIM No. 2300 that the prosecution had to prove the elements of furnishing and giving away a controlled substance.

In argument to the jury, defense counsel asserted that the evidence was similar to a husband and wife owning a car. When a wife gives her husband the keys to the car, she is not furnishing or giving away the car because they both own the car. Defense counsel argued that the everyday meaning of "furnishing" or "giving away" is that the person who is furnished or given an item has no ownership interest. It was reasonable to infer that defendant was the sole owner of the baggy. However, defense counsel also argued: "But it is also reasonable to infer that they both had an interest in that baggy that they together had joint ownership of that baggy. And that when [defendant] passed it to the other woman, she was only allowing the other woman to take her fair share of that baggy. That is also [a] reasonable interpretation of what happened. A reasonable inference from what Officer Martinez observed. And based on that, I would ask you to find her not guilty of furnishing. I'm not asking you to find that she did not commit a crime. Because

_____

[2] *People v. Walker* (2015) 237 Cal.App.4th 111, 119, cited by defendant at oral argument, pertains to a defense attorney's failure to object to the lack of a lesser included offense instruction—not a pinpoint instruction. So the case is not pertinent here.

6

possessing the powder would still be a crime. It is illegal to possess powder cocaine. So I'm asking you to find her guilty of the lesser charge for count 1."

In rebuttal, the prosecutor argued, "One of the first things you must decide what the facts are. It is up to all of you, and you alone, to decide what happened, based only on the evidence that has been presented to you in this trial. And ask yourself, have you heard any evidence whatsoever of a co-purchaser? Have you heard any evidence whatsoever to suggest that this other unidentified person somehow was actually allowed to share the powder cocaine and the rock cocaine?" The prosecutor then argued that defense counsel's interpretation of the evidence was not reasonable given the evidence concerning the unidentified woman. The prosecutor argued, "If they were co-owners or co-purchasers or co-anything with these drugs, why would she have given it back to the defendant, first of all? Second of all, why would she have left?" The prosecutor further argued, "What did happen, she furnished it to her, she gave it to her. Evidence is very clear about that. And there's no evidence whatsoever to suggest that this person had some type of joint ownership like a husband and wife share a car."

## DISCUSSION

### I. The *Edwards* Standard

The controversy in this case stems from our Supreme Court's decision in *Edwards*, *supra*, 39 Cal.3d 107. In *Edwards*, the defendant's girlfriend died from an overdose of heroin that he, the girlfriend and two others had purchased for their mutual use. (*Id*. at pp. 110-112.) A jury convicted the defendant of furnishing and/or administering heroin and the second degree murder of his girlfriend under the felony murder rule. (*Id*. at p. 112.) In reversing the drug conviction, *Edwards* considered the ruling in *People v. Mayfield* (1964) 225 Cal.App.2d 263, which had concluded that when two or more people pool their resources to purchase drugs for their personal consumption, the individuals cannot furnish drugs to their co-partners. (*Mayfield*, at p. 267.) *Edwards* explained that "[t]he distinction drawn by the *Mayfield* court between the one who sells or furnishes heroin and one who simply participates in a group purchase seems to us a valid one, at least where the individuals involved are truly 'equal

7

partners' in the purchase and the purchase is made strictly for each individual's personal use.  Under such circumstances, it cannot reasonably be said that each individual has 'supplied' heroin to the others." (*Edwards*, *supra*, 39 Cal.3d at pp. 113-114.)  *Edwards* noted that there would be few cases involving a co-purchaser by truly equal partners because "[w]here one of the copurchasers takes a more active role in instigating, financing, arranging or carrying-out the drug transaction, the 'partnership' is not an equal one and the more active 'partner' may be guilty or furnishing to the less active one." (*Id*. at p. 114, fn. 5.)

## II.  Forfeiture

Defendant contends that the trial court failed to properly instruct the jury on the issue of joint possession and instead erroneously instructed on joint purchasing (the standard in *Edwards*) which resulted in a conviction for furnishing rather than a conviction for the lesser included offense of simple possession (§ 11350).  "'The trial court is obligated to instruct the jury on all general principles of law relevant to the issues raised by the evidence, whether or not the defendant makes a formal request.' [Citations.]  'That obligation encompasses instructions on lesser included offenses if there is evidence that, if accepted by the trier of fact, would absolve the defendant of guilt of the greater offense but not of the lesser.' [Citations.]" (*People v. Rogers* (2006) 39 Cal.4th 826, 866.)  "Nevertheless, 'the existence of "*any* evidence, no matter how weak" will not justify instructions on a lesser included offense . . . .' [Citation.]  Such instructions are required only where there is 'substantial evidence' from which a rational jury could conclude that the defendant committed the lesser offense, and that he [or she] is not guilty of the greater offense. [Citations.]" (*People v. DePriest* (2007) 42 Cal.4th 1, 50.)

Defendant asserts the trial court should have instructed the jury that:  "Defendant is not guilty of furnishing powder cocaine if she was a joint possessor with another person to whom she provided the powder cocaine.  The other person was a joint possessor if [she/he] maintained some control or right to control contraband that is in the

8

actual possession of defendant. The People have the burden to prove that defendant exclusively possessed the powder cocaine."

The Attorney General argues that any purported error in failing to instruct on the issue of joint possession was forfeited or invited. "'[W]hen a defendant presents evidence to attempt to negate or rebut the prosecution's proof of an element of the offense, a defendant is not presenting a special defense invoking *sua sponte* instructional duties. While a court may well have a duty to give a "pinpoint" instruction relating such evidence to the elements of the offense and to the jury's duty to acquit if the evidence produces a reasonable doubt, such "pinpoint" instructions are not required to be given *sua sponte* and must be given only upon request. [Citations.]'" (*People v. Saille* (1991) 54 Cal.3d 1103, 1117.) Unless there is a sua sponte duty to instruct, a defendant waives any error in failing to instruct where defendant does not request the instruction. (*People v. Hawkins* (1995) 10 Cal.4th 920, 952.)

Prior to instructing the jury, the trial court heard arguments from both sides as to whether or not *Edwards* was applicable or whether a hybrid instruction should be given based on the evidence concerning the defense theory of simple possession. Defense counsel initially requested a special instruction which focused on whether defendant was a co-purchaser in accordance with *Edwards*. In response to the request, the prosecutor proposed a modification to defense counsel's special instruction. Defense counsel then suggested that the evidence raised an inference of *ownership* rather than a *purchase*. Thereafter, the parties and the trial court engaged in lengthy discussions about the correct way to apply the *Edwards* standard given its elements. Although the trial court ultimately agreed with defense counsel that the issue was one of *ownership* rather than *purchase*, defense counsel agreed to the prosecutor's proposed instruction which included the co-purchaser language.

The trial court subsequently instructed the jury with the elements of co-purchase and equal partnership in accordance with the language in *Edwards* explaining its application. There is no contention that the instruction was an incorrect statement of the *Edwards* decision. "A trial court has no sua sponte duty to revise or improve upon an

9

accurate statement of the law without a request from counsel [citation], and failure to request clarification of an otherwise correct instruction forfeits the claim of error for purposes of appeal." (*People v. Lee* (2011) 51 Cal.4th 620, 638.)  Because the trial court accurately stated the law, the Attorney General is correct that any purported error in failing to modify the *Edwards* instruction has been forfeited.

### III.  Effect of the Joint Purchasing Instruction

Defendant nevertheless contends the trial court was obligated to instruct the jury on co-ownership (and defense counsel was ineffective for acquiescing to an unmodified *Edwards* instruction).  Defendant asserts she was prejudiced by the instructions because the jury was misled given that there was no evidence that the unidentified woman had contributed any funds to the purchase of the powder cocaine, which is an element of *Edwards*.

Defendant is correct that a co-purchase is one of the *Edwards* elements and there was no evidence to support a co-purchase in this case.  In addition to the absence of evidence concerning a co-purchase, the evidence does not suggest the rare case of truly equal partners, which is also a requisite *Edwards* element.  There is no evidence of anything other than joint use of the powder cocaine.  Defendant took powder cocaine from her waistband, which she sniffed.  Defendant gave the cocaine to the unidentified woman, who also sniffed it.  The identified woman then handed the cocaine back to defendant.  In sum, defendant had possession of the powder cocaine and then retook possession of it after sharing it with the unidentified woman.  This evidence clearly shows that defendant had the more active role with the powder cocaine that she gave to the unidentified woman.  Thus, there was no evidence to support either of the elements required under the *Edwards* standard.  However, this conclusion does not support defendant's claim there was prejudicial error in giving the *Edwards* instruction.

As previously noted, the issue arose after defense counsel requested a special instruction based on the Supreme Court's holding in *Edwards* that mere co-purchasers are not guilty of furnishing to one another.  (39 Cal.3d at pp. 113-114.)  Prior to instructing the jury, the trial court heard arguments from both sides as to whether or not *Edwards*

10

was even applicable or whether a hybrid instruction should be given based on the state of the evidence (i.e., no evidence of purchase which differed from *Edwards*). The issue was then analyzed based on defense counsel's intent to argue simple possession.

Notwithstanding the absence of evidence to support a purchase or a rare case of equal partners, the trial court gave the instruction in order to accommodate the defense theory. Indeed, as the record shows, the trial court initially and correctly ruled that the evidence did not support an *Edwards* instruction at all. Thus, the Attorney General is correct that defendant was never entitled to an instruction under *Edwards* because there was no evidence to support the defense. (*People v. Maury* (2003) 30 Cal.4th 342, 424.) However, because defense counsel requested that he be allowed to argue simple possession to the jury based on *Edwards,* the trial court gave a correct instruction of the law to explain the defense theory. As a result, neither the trial court nor defense counsel failed regarding duties to the defendant.

Defendant is also incorrect that the record demonstrates she was prejudiced by the misleading *Edwards* instruction because it did not focus on joint possession. To the extent that the trial court did instruct the jury with the inapplicable *Edwards* standard, we cannot conclude that reversal is warranted even if the instruction was erroneously given. "Giving an instruction that is correct as to the law but irrelevant or inapplicable is error. [Citation.] Nonetheless, giving an irrelevant or inapplicable instruction is generally "'only a technical error which does not constitute a ground for reversal.'" [Citation.]" (*People v. Cross* (2008) 45 Cal.4th 58, 67.) When the trial court gives a correct but inapplicable instruction, the error is reviewed under *People v. Watson* (1956) 46 Cal.2d 818, 836. (*People v. Guiton* (1993) 4 Cal.4th 1116, 1129-1130.)

We conclude that it is not reasonably probable that the result would have been more favorable in the absence of the *Edwards* instruction. In addition to that instruction, the trial court instructed the jury with CALCRIM No. 2300 as to the elements needed to support a conviction for furnishing powder cocaine. The trial court also gave the standard instruction CALCRIM No. 200: "Some of these instructions may not apply, depending on your findings about the facts of the case. Do not assume that just because I

11

give a particular instruction that I am suggesting anything about the facts. After you have decided what the facts are, follow the instructions that do apply to the facts as you find them." The jury was instructed with CALCRIM No. 2304 that simple possession (§ 11350) is a lesser included offense of furnishing or giving away (§ 11352) the powder cocaine. Defense counsel argued that defendant could not be guilty of furnishing or giving away the powder cocaine if she was a joint owner and that the officer's observations could establish a simple possession. If the jury believed defendant's version of the evidence, the jury could have found her not guilty of furnishing or giving away the cocaine but guilty of the lesser included offense of simple possession.

We are satisfied that the jury in this case would have understood that its duty was to determine whether or not defendant had furnished or given away drugs or was simply sharing them with a co-owner. Under the circumstances, even if the inapplicable instruction had not been given, it is not reasonably probable that defendant would have had a more favorable outcome.

**IV. The Burden of Proof**

Defendant also claims that the inapplicable instruction improperly shifted the burden of proof from the prosecution to the defense in violation of both the federal and California Constitutions. According to defendant, the burden was shifted by the erroneous instruction and the prosecutor's rebuttal argument that: "Have you heard any evidence whatsoever of a co-purchase?" Defendant also argues that her joint possession defense was eliminated by the instruction. The record does not support these contentions.

First, there is nothing in the instruction which shifts the burden of proof to defendant. The trial court instructed the jury that the prosecution had the burden of proof. The jury was also instructed that defendant was not required to testify and could rely on the state of the evidence to argue that the prosecutor failed to meet the burden of proof.

Second, the defense was not eliminated because defense counsel clearly asserted the defense of joint ownership in argument to the jury.

Third, the prosecutor advised the jury that he had the burden of proof on each element of the charged offenses, which reiterated the trial court's instructions that the burden of proof rested on the prosecution. (See *People v. Ratliff* (1986) 41 Cal.3d 675, 691.) Moreover, the prosecutor's comments were limited to the absence of evidence to support the defense. The prosecutor did not in any manner suggest that defendant had to prove her innocence. Although the prosecutor argued that defense counsel's interpretation of the evidence was unreasonable, the prosecutor's comments cannot be interpreted to mean that defendant had the burden of proving her innocence. "A distinction clearly exists between the permissible comment that a defendant has not produced any evidence, and on the other hand an improper statement that a defendant has a duty or burden to produce evidence, or a duty or burden to prove his or her innocence." (*People v. Bradford* (1997) 15 Cal.4th 1229, 1340.) Nothing supports defendant's claim that the burden of proof was improperly shifted to her.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.


CHAVEZ, J.